UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

IN RE:  SUNDAI, BONISWA        )   CHAPTER 13
        Debtor                 )
                               CASE: NO. 10-18396-WCH

## MOTION TO APPROVE DEBTOR'S FIRST AMENDED PLAN

Boniswa Sundai, Debtor in the above-captioned case, hereby amends her current proposed Plan substituting her first Amended Plan for that originally filed, pursuant to Fed. R. Bankr. P. 1009(a) and Local Rule 1009-1 and the Local Rules, Appendix 1, Rule 13-10. As grounds therefore, Debtor files this Amended Plan to address an increase in net disposable income (due to a payroll deduction, which is believed to have been terminated, post-filing; and income and expense changes reflected in her non-filing spouse obtaining employment, post-filing). This Amendment does not adversely affect any creditor, as it increases the Debtor's plan payout from a zero percent plan to a plan proposing to pay nearly 9% to all unsecured creditors over the life of the plan. The Plan further proposes to increase the required arrearage payout (pursuant to a Proof of Claim filed on October 25, 2010) to the secured creditor, Bank of America ("BAC"), which should resolve a pending objection before this Court. On information and belief, BAC will withdraw their objection if this Plan is approved. This Amendment is requested prior to confirmation.

WHEREFORE, the Debtor prays for amendment and approval of the proposed amended plan.

## CERTIFICATE OF SERVICE

I, Terrence L. Parker, attorney for the Debtor, hereby certify that a copy of the foregoing Amended Plan of the Debtor has been this day served upon the Chapter 13

Trustee, Carolyn Bankowski, and to the Debtor, and to all attorneys who have made an appearance and all creditors on the attached service list.

Dated: 11/5/2010

Terrence L. Parker, Esq.
Attorney for Debtor
185 Alewife Brook Parkway
Cambridge, MA 02109
(617) 491-2265
BBO: # 555277
TParker612@aol.com

SERVICE LIST, Sundai Case Number:    10-18396                1of 3

Julie Ranieri, Esquire
Korde and Associates, P.C.
321 Billerica Road
Suite 210
Chelmsford, MA 01824

Bac Home Loans Servici
450 American St
Simi Valley, CA 93065

Bank of America, N.A.
c/o BAC Home Loans Servicing, LP
7105 Corporate Drive
Plano, TX 75024-1319

Barrett, Daffin, Frappier, Turner
& Engel, LLP
15000 Surveyor Boulevard
Addison, TX 75001

CANDICA L.L.C.
C O WEINSTEIN AND RILEY, PS
2001 WESTERN AVENUE, STE 400
SEATTLE, WA 98121

Cap One
Po Box 85520
Richmond, VA 23285

Capital One
P.O. Box 30281
Salt Lake City, UT 84130

2of 3

Capital One Bank (USA), N.A.
by American Infosource Lp As Agent
PO Box 71083
Charlotte, NC 28272-1083


Cr Syst Intr
1277 Country Club Ln
Fort Worth, TX 76112


Dyck Oneal Inc
15301 Spectrum Dr
Addison, TX 75001


Enhanc Rcvry
8014 Bayberry Rd
Jacksonville, FL 32256


Green Mountain Energy Company
PO Box 689008
Austin, TX 78768


Household Bank
12447 SW 69TH Avenue
ADDISON, TX 77003


Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114


Massachusetts Department Of Revenue
Bankruptcy Unit
P.O. Box 9564
Boston, MA 02114-9564

3 of 3

Memorial Hermann Healthcare System
7737 Southwest Freewat, Suite 200
Houston, TX 77074


Southwest Airlines Efc
P.o. Box 35708
Dallas, TX 75235


Sprint
800 Sw 39th St
Renton, WA 98057


Sprint Nextel Correspondence
Attn Bankruptcy Dept
PO Box 7949
Overland Park KS 66207-0949


Sprint Nextel Distribution
Attn Bankruptcy Dept
PO Box 3326
Englewood CO 80155-3326


Boniswa K. Sundai
31C Jay Street
Cambridge, MA 02139

John Fitzgerald
Office of the US Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Sq., 10th Fl, Suite 1000
Boston, MA 02109

# United States Bankruptcy Court
## District of Massachusetts

## AMENDED CHAPTER 13 PLAN

Filing Date: _____  Docket #: **10-18396** _____

Debtor: **Sundai, Boniswa K** _____  Co-Debtor: _____

SS#: **4094** _____  SS#: _____

Address: **31C Jay St** _____  Address: _____

**Cambridge, MA 02139-3124** _____  , _____

_____  _____

Debtor's Counsel:

**Parker Law Offices**
**185 Alewife Brook Pkwy Ste 404**
**Cambridge, MA 02138-1104**

**(617) 491-2265**
**(617) 491-7800**

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE SECTION 341 MEETING TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

# United States Bankruptcy Court
## District of Massachusetts

## AMENDED CHAPTER 13 PLAN

Docket#: **10-18396**

DEBTORS: (H) **Sundai, Boniswa K** _____  SS# **4094** _____
(W) _____  SS# _____

I. PLAN PAYMENT AND TERM:

Debtor(s) shall pay monthly to the Trustee the sum of $ **1,111.45** for the term of:

☒ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);
☐ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);
☐ 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:
☐ ____ Months. The Debtor states as reasons therefore:

II. SECURED CLAIMS:

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| **Bank Of America** | **2006 - 2010, First Mortgage, Town Home/Duplex** | **26,798.81** |
| | Total of secured claims to be paid through the Plan: $ | **26,798.81** |

B. Claims to be paid directly to creditors (not through plan):

| Creditor | Description of Claim |
|---|---|
| **Bank Of America** | **2006 - 2010, First Mortgage, Town Home/Duplex** |
| **Dyck Oneal, Inc.** | **2009 - 2010, Second Mortgage, Town Home/Duplex** |

C. Modifications of Secured Claims:

| Creditor | Details of Modification (Additional details may be attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| **None** | | |

D. Leases:

i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of:
**None**

ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of :
**Amanda Strack**
**Louise Cochran**

iii. The arrears under the lease to be paid under the plan are _____.

III. PRIORITY CLAIMS:

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **Internal Revenue Service** | **2006, Federal, State and Local Taxes** | **6,700.00** |

© 1993-2010 EZ-Filing, Inc [1-800-998-2424] - Forms Software Only

Total of Priority Claims to Be Paid Through the Plan: $ __6,700.00__

IV. ADMINISTRATIVE CLAIMS:

A. Attorneys fees (to be paid through the Plan): $ **500.00**.

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

V. UNSECURED CLAIMS:

The general unsecured creditors shall receive a dividend of **8.46**% of their claims.

A. General unsecured claims: $ __23,783.19__

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|

Total of A + B + C unsecured claims: $ __23,783.19__

D. Multiply total by percentage: $ **2,011.99**.
(Example: total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

Total amount of separately classified claims payable at **100**%: $ __0.00__

VI. OTHER PROVISIONS:

A. Liquidation of assets to be used to fund Plan:

B. Miscellaneous provisions:

VII. CALCULATION OF PLAN PAYMENT:

| | |
|---|---|
| a. Secured claims (Section I-A Total): | $ 26,798.81 |
| b. Priority claims (Section II-A & B Total): | $ 6,700.00 |
| c. Administrative claims (Section III-A & B Total): | $ 500.00 |
| d. Regular unsecured claims (Section IV-D Total): + | $ 2,011.99 |
| e. Separately classified unsecured claims: | $ 0.00 |
| f. Total of a + b + c + d + e above: | $ 36,010.80 |
| g. Divide (f) by .90 for total including Trustee's fee: Cost of Plan: | $ 40,012.20 |

(This represents the total amount to be paid into the Chapter 13 Plan)

h. Divide (g) Cost of Plan by Term of Plan: **36** months
i. Round up to nearest dollar: Monthly Plan Payment: $ __1,111.45__
(Enter this amount on Page 1)

Pursuant to 11 U.S.C. §1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **Town Home/Duplex** | 218,500.00 | 212,121.00 |

Total Net Equity for Real Property: $ 6,379.00
Less Total Exemptions (Schedule C): $ 6,379.00
Available Chapter 7: $ 0.00

B. Automobile

| Describe year, make and model | Value | Lien | Exemption |
|---|---|---|---|
| **1998 Chevrolet Venture, 147,000 Mileage, Fair Condition** | 840.00 | 0.00 | 840.00 |
| **2000 Chrysler Cirrus, 122,000 Miles, Poor Condition** | 950.00 | 0.00 | 950.00 |

Total Net Equity: $ 1,790.00
Less Total Exemptions (Schedule C): $ 1,790.00
Available Chapter 7: $ 0.00

C. All Other Assets (All remaining items on Schedule B): (Itemize as necessary)

Total Net Value: $ 6,771.90
Less Exemptions (Schedule C): $ 6,771.90
Available Chapter 7: $ 0.00

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions: $ **0.00**.

E. Additional Comments regarding Liquidation Analysis:

IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

/s/ Terrence L. Parker                     November 5, 2010
Debtor's Counsel                            Date

Attorney's Address:
**Parker Law Offices
185 Alewife Brook Pkwy Ste 404
Cambridge, MA 02138-1104**

Tel. # **(617) 491-2265**         Email Address: **TParker612@aol.com**

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

/s/ Boniswa K Sundai                        November 5, 2010
Debtor                                       Date
                                             November 5, 2010
Debtor                                       Date